IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUL -7 AM 10: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CATHY GREEN and ACCESS NOW, INC., a Florida not for profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CLP CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIV. ACTION NO. CV-02-PWG-1278-S<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT CLP CORPORATION'S ANSWER TO AMENDED COMPLAINT

COMES NOW the defendant in the above-styled action, CLP Corporation (hereinafter "Defendant"), for an in answer to the plaintiffs' complaint, and states as follows:

### FIRST DEFENSE

Some or all of the claims of the complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs have failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims alleged in the Complaint.

### THIRD DEFENSE

Some or all of the claims in the Complaint are barred by the applicable limitations period and/or laches.

### FOURTH DEFENSE

Some or all of the claims in the Complaint and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

1119895

**FIFTH DEFENSE**

Some or all of the claims alleged in the complaint and the relief sought are foreclosed because plaintiffs have not done equity.

**SIXTH DEFENSE**

This Court lacks jurisdiction over the subject matter of some or all of the plaintiffs' claims.

**SEVENTH DEFENSE**

Plaintiffs do not have standing to bring this lawsuit and/or assert one or more of the claims alleged in this lawsuit.

**EIGHTH DEFENSE**

Plaintiffs are not individuals with disabilities under the Americans with Disabilities Act.

**NINTH DEFENSE**

The alterations and/or accommodations sought by the plaintiffs are not readily achievable or easily accomplished and are unduly burdensome.

**TENTH DEFENSE**

Plaintiffs' Complaint fails to plead with particularity the nature of any alleged disability(ies).

**ELEVENTH DEFENSE**

Plaintiffs have not been denied access to Defendant's stores because of alleged disabilities.

**TWELFTH DEFENSE**

Plaintiffs have not been injured in fact and cannot show a probability of future injury.

**THIRTEENTH DEFENSE**

Defendant denies that the plaintiffs are entitled to any relief whatsoever.

### FOURTEENTH DEFENSE

Defendant does not exclude, deny service, segregate, or otherwise treat any person differently from other individuals on account of alleged disabilities.

### FIFTEENTH DEFENSE

Defendant has made all reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to disabled individuals.

### SIXTEENTH DEFENSE

Defendant has removed all architectural barriers and communication barriers that are structural in nature in its facility when such removal has been readily achievable.

### SEVENTEENTH DEFENSE

If barrier removal is not readily achievable, Defendant has made its goods and/or services available through alternative methods.

### EIGHTEENTH DEFENSE

Plaintiff has failed to join one or more necessary parties.

### NINETEENTH DEFENSE

For further and specific answer to the allegations of the complaint, Defendant says as follows:

1. Answering the first paragraph of the complaint, Defendant is without information sufficient to know why plaintiffs brought this action, denies that plaintiffs are entitled to the relief sought, and denies the remaining allegations of the paragraph.

2. Answering paragraph one of the complaint, Defendant is without information sufficient to know for what reasons plaintiffs bring this action, admits that this court has

jurisdiction over claims properly brought under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*, and denies the remaining allegations of the paragraph.

3. Answering paragraph two of the complaint, Defendant admits that venue is proper in the Southern Division of the United States District Court for the Northern District of Alabama, and denies the remaining allegations of the paragraph.

4. Answering paragraph three of the complaint, Defendant denies that plaintiffs visited the Defendant's premises at issue in this matter, denies that plaintiffs were denied full and safe access to the subject properties of Defendant which are the subjects of this lawsuit, denies that plaintiffs continue to desire to visit the defendant's premises and continue to be denied full and safe access, affirmatively avers that Defendant's properties at issue in this action are in compliance with the ADA, is without information sufficient to admit or deny the allegations concerning plaintiffs having a disability, and denies the remaining allegations of the paragraph.

5. Answering paragraph four of the complaint, Defendant is without information sufficient to admit or deny where Access Now is organized, the structure of the organization, the identities and status of its members, its purposes for existence, denies that members of Access Now have suffered direct and indirect injury as a result of Defendant's actions or inactions, denies that members of Access Now visited the Defendant's premises, denies that Defendant discriminates against Access Now or its members in any fashion, affirmatively avers that the stores listed in the complaint comply with the requirements of the ADA, affirmatively avers that Defendant did not discriminate against Access Now or any members of Access Now, and denies the remaining allegations of the paragraph.

6. Answering paragraph five of the complaint, Defendant admits that it is an Alabama corporation registered to do business and conducting business in Alabama, admits that

it is the operator of the McDonald's restaurants located at 707 Montgomery Highway, Vestavia Hills Alabama, 11 Phillips Drive, Midfield, Alabama, and 1569 Montclair Road, Birmingham, Alabama, and denies the remaining allegations of the paragraph.

7.     Answering paragraph six of the complaint, Defendant denies the allegations of this paragraph.

8.     Answering paragraph seven of the complaint, Defendant admits that Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, on July 26, 1990, and denies the remaining allegations of the paragraph.

9.     Answering paragraph eight of the complaint, Defendant admits that the restaurants listed in the complaint are places of public accommodation, and denies the remaining allegations of the paragraph.

10.    Answering paragraph nine of the complaint, Defendant denies the allegations of this paragraph.

11.    Answering paragraph ten of the complaint, Defendant affirmatively avers that the restaurants listed in the complaint are in compliance with the ADA, denies that plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the restaurants, denies that plaintiffs visited the restaurants listed in the complaint, denies that plaintiffs were denied access and suffered an injury in fact, denies that plaintiffs continue to desire to visit restaurants, denies that plaintiffs continue to be injured, denies that plaintiffs have now and continue to have reasonable grounds for believing that they have been and will be discriminated against, and denies the remaining allegations of the paragraph.

12. Answering paragraph eleven of the complaint, Defendant admits that guidelines exist under authority delegated by Congress in adopting the ADA, and denies the remaining allegations of the paragraph.

13. Answering paragraph twelve of the complaint, Defendant denies the allegations of the paragraph.

14. Answering paragraph thirteen of the complaint, Defendant denies the allegations of the paragraph.

15. Answering paragraph fourteen of the complaint, Defendant denies that readily achievable barriers exist, and denies the remaining allegations of the paragraph.

16. Answering paragraph fifteen of the complaint, Defendant denies the allegations of the paragraph.

17. Answering paragraph sixteen of the complaint, Defendant is without information sufficient to know why plaintiffs retained the undersigned counsel for the filing of this action, affirmatively avers that the aforementioned affirmative defenses foreclose relief in any event, and expressly denies that the plaintiffs are entitled to any of the relief sought in paragraph sixteen, and denies the remaining allegations of the paragraph.

18. Answering paragraph seventeen of the complaint, Defendant admits that this court has power to issue injunctive relief under the ADA, expressly denies that plaintiffs are entitled to injunctive relief in this action, and denies the remaining allegations of the paragraph.

19. Answering the prayer for relief in the complaint, Defendant affirmatively avers that the aforementioned affirmative defenses foreclose relief in any event, and expressly denies that the plaintiffs are entitled to any of the relief sought in the five paragraphs of the prayer for relief.

## TWENTIETH DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained but will be added by amendment once they are identified.

---

John J. Coleman, III
Ronald W. Flowers, Jr.
Attorneys for Defendant,
CLP Corporation

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing answer has been served upon through first-class, United States mail, postage prepaid, on this the ___ day of July, 2003:

Edward I. Zwilling, Esq.
Schwartz Zweben & Associates, L.L.P.
300 Office Park Drive, Suite 217
Birmingham, Alabama 35223

---

OF COUNSEL

1119895