FILED

2006 May-25  PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHY GREEN and ACCESS NOW, INC. a Florida not for profit corporation,** | } } } } | |
| **Plaintiffs,** | } } | **Case No.: 02-CV-1278-VEH** |
| **v.** | } } | |
| **CLP  CORPORATION,** | } } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This Court has before it the March 31, 2006, motion for reconsideration (Doc. 71) of Defendant CLP Corporation ("Defendant").  This Court also has before it the April 6, 2006, motion for reconsideration (Doc. 72) of Plaintiffs Cathy Green and Access Now, Inc.("Plaintiffs").  After consideration of the standards governing a motion for reconsideration as applied to the present motion, the Court concludes that the Defendant's motion for reconsideration is due to be denied in part and granted in part.  Further, the Court concludes that the Plaintiff's' motion for reconsideration is due to be denied.

1

# I.  Procedural History

Plaintiffs Cathy Green and Access Now, Inc. ("Plaintiffs") commenced this action on May 22, 2002 by filing a complaint in this Court alleging violations of Title III of the American With Disabilities Act, 42 U.S.C. §12181 et.seq., (hereinafter referred to as the "ADA").  Plaintiffs Green and Access Now, Inc. filed an Amended Complaint on June 18, 2003 changing the name of the Defendant from Thornton Enterprises, Inc. to CLP Corporation.  Plaintiffs allege that Green visited the Defendant's premises in Birmingham, Alabama[1] and was denied full and safe access to the subject properties of Defendant because the premises were not in compliance with the ADA.  Plaintiffs allege that Plaintiff Access Now, Inc. and its members, including but not limited to Plaintiff Green, have suffered direct and indirect injury as a result of the Defendant's actions or inactions.   The Defendant filed a motion for summary judgment and the Plaintiffs filed a motion for partial summary judgment on February 24, 2004.  This Court issued a memorandum opinion (Doc. 67) and order (Doc.68) denying in part and granting in part  the Defendant's motion for summary judgment.  The Court also issued a memorandum opinion (Doc. 67) and order (Doc. 69) denying the Plaintiffs' motion for partial summary judgment.  The Defendant has filed a motion for reconsideration (Doc.

---

[1] Plaintiff Green visited the Midfield, Vestavia, and Eastwood stores of the Defendant.

71).  The Plaintiffs have also filed a motion for reconsideration (Doc. 72).

## II.  Standard of Review

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter, or amend it.  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted).

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. See United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed,  as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Rossi v. Troy State University, 330 F.Supp.2d 1240,

1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[2]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997); see also Russell Petroleum Corp. v. Environ Products, Inc., 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on Mays to deny motion to reconsider where movant advanced several new arguments); Coppage v. U.S. Postal Service, 129 F.Supp2d 1378, 1379-81 (M.D. Ga. 2001) (similar).[3]  See also Richards v. United States, 67 F.Supp.2d 1321,1322 (M.D.Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  See Fed.R.Civ.P.60(b); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); Summit Medical Center of Alabama,

---

[2]  Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  See Lazo v. Washington Mutual Bank, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); American Marietta Corp. v. Essroc Cement Corp., 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

[3]  This discussion is lifted almost verbatim from Judge Steele's opinion in Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. See Chapman v. AI Transport, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

### III.  Analysis

The Defendant moves the Court to reconsider the portion of its order denying defendant's summary judgment motion in part. The Defendant asserts that the Court should  reconsider its order because: (1) this Court did not apply its correct legal analysis of "mootness" to Vestavia path of travel and the Midfield suggestion box, and other items that have been remedied; (2) this Court incorrectly chose a "new construction" standard for an Eastwood ramp to a playground that already had one compliant ramp and that had not been affected by the post-Title III alteration of the building (there was no new construction there); (3) this Court incorrectly chose an "alteration" standard to judge whether plaintiff proved "readily achievable" Plaintiffs' bathroom changes to Vestavia and Midfield stores that remain unaltered at any time since Title III became law; and (4) this Court misapplied standing requirements in recognizing Access Now standing.

5

The Plaintiffs move the Court to reconsider its order denying Plaintiffs' motion for partial summary judgment. The Plaintiffs assert that the Court should reconsider its order because: (1) this Court entered its opinion without completely ruling on Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment and (2) this Court improperly applied the readily achievable standard to the path of travel issue at the Eastwood store. The parties' have not presented the Court with evidence of an intervening change in controlling law or of new evidence. The parties' motions for reconsideration are based on the need to correct clear error or manifest injustice.

### 1.    Mootness

The Defendant asserts that the Court correctly analyzed the law governing "mootness," but did not apply that analysis to the Vestavia path of travel and outside eating, Midfield suggestion box and toilet paper dispenser, and other items that have been corrected prior to entry of the injunction sought. In its memorandum opinion, the Court found that the architectural barriers that are at issue at the Vestavia store are inaccessible restrooms, lack of path of travel from accessible parking to the entrance of the store, and lack of accessible exterior tables on the playground. The architectural barriers that are at issue at the Midfield store

are the accessible stall is too small, toilet paper dispenser is too far from the water closet, and suggestion box protrudes into path of travel. The architectural barrier that is at issue at the Eastwood store is an inaccessible route to the playground. (Opinion p. 47.) The Court further found that the Defendant provided evidence that it remedied alleged barriers including (1) inaccessible parking for vans with lifts and  inadequate space of the access aisles for the parking spaces at the Vestavia restaurant; (2) the lack of maneuvering space at the restroom doors, uninsulated pipes under the lavatory, lack of rear grab bar in the water closet, inaccessible parking for vans with lifts, and inaccessible interior seating at the Midfield store, and (3) the inaccessible parking for vans with lifts, inaccessible exterior tables, and the narrowness of the accessible parking spaces at the Eastwood store. As a result of the remedial measures taken by the Defendant, the Court found the Plaintiffs' claims as to the architectural barriers above as moot and granted the Defendant's motion for summary judgment as to the remedied architectural barriers.

The Plaintiffs concede and the Defendant asserts that there is undisputed evidence that reflects that the path of travel from the parking to the entrance at the Vestavia store has been remedied to comply with ADAAG and that no suggestion box protrudes into the pathway of customers at the Midfield store. However, the

Defendant has not presented any evidence that the exterior tables on the playground at the Vestavia restaurant and toilet paper dispenser at the Midfield restaurant, and other items have been remedied.  Therefore, the Court finds that Plaintiffs' claims regarding the path of travel from the parking to the entrance to the Vestavia store and the suggestion box protruding into the pathway of customers at the Midfield store are deemed as moot because the alleged architectural barriers have been remedied.  The Court finds that  its memorandum opinion is vacated and summary judgment is due to be granted in favor of the Defendant only as to Plaintiffs' claims regarding the path of travel from the parking to the entrance of the Vestavia store and the suggestion box protruding into the pathway of customers at the Midfield store.  The Court holds that summary judgment was properly denied as to the architectural barriers that have not been remedied, including inaccessible restrooms and lack of accessible exterior tables on the playground at the Vestavia store;  accessible stall is too small and  toilet paper dispenser is too far from the water closet at the Midfield store; and inaccessible route to the playground at the

Eastwood store.[4]

## 2. Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment

Contrary to Plaintiffs' assertion that the Court entered its opinion without completely ruling on Plaintiff's Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment, the Court granted Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment on January 6, 2006. On December 21, 2005, this Court entered an order (Doc. 63) granting the Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment if no opposition was filed by the Defendant. On January 4, 2006, the Defendant filed a response (Doc. 64) in opposition to Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment. The Court granted the Plaintiffs'

---

[4] The Court properly determined that the Defendant did not provide evidence that the inaccessible route to the playground at the Eastwood store was remedied. Therefore, the Court properly determined that summary judgment was denied because the alleged inaccessible route to the playground at the Eastwood store was not remedied and the claim was not moot. However, the applicable standard to apply to the inaccessible route to the playground at the Eastwood store will be addressed in Section 3.

Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment on January 6, 2006 (margin order) and the Court treated the Defendant's opposition to the motion to supplement as a response to the supplement.  Therefore, Plaintiffs' Motion for Leave to Supplement Plaintiffs' Brief and Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment was considered for summary judgment purposes.

###  3.      Standard Applicable to Eastwood Path of Travel Issue

The Defendant asserts that the Court incorrectly applied a "new construction" standard for the allegedly inaccessible route to the playground at the Eastwood store.  There are two standards of compliance under the ADA: the new construction standard[5] and the readily achievable standard. The Act sets forth accessibility guidelines, which identify the minimum technical requirements for ADA compliance for new construction and alterations to existing facilities.  See 28 C.F.R. Pt. 36, App. A.  New construction is the highest standard, and it applies to public accommodations designed or constructed after January 26, 1992, and to that portion of an existing facility altered after January 26, 1992.  42 U.S.C. §12183(a);

---

[5] The new construction standard also applies to alterations to existing facilities.  An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the existing property begins after that date.  See 28 C.F.R. §36.402.

See also Brother v. CPL Investments, Inc., 317 F.Supp.2d 1358 (S.D.Fla. 2004).

The Act imposes a less rigorous standard of compliance on "existing facilities," constructed before its enactment on January 26, 1992. Concorde, 158 F.Supp.2d at 1362. Under this standard, the ADA Accessibility Guidelines provide guidance as to whether unlawful architectural barriers exist in a facility, Pascuitti v. New York Yankees, 87 F.Supp.2d 221, 226 (S.D.N.Y. 1999), but "the Court cannot determine the Defendants' liability from finding that elements of the [Defendants' facility] deviate from those standards." Access Now, Inc. v. South Florida Stadium Corp., 161 F.Supp.2d at 1368. "In order to establish that the defendant has violated the ADA, the plaintiffs still must proffer evidence that removal of a given barrier is readily achievable." Brother v. CPL Investments, Inc., 317 F.Supp.2d 1358 (S.D.Fla. 2004)(quoting Pascuiti v. New York Yankees, 87 F.Supp.2d at 226). "The compromise Title III makes is to require only reasonable modifications and readily achievable barrier removals or alternative methods, when the disabled are subjected to de facto discrimination in places of public accommodation." Concorde, 158 F.Supp.2d at 1362. In other words, the standard requires a showing that removal is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §12181(9).

The Plaintiff asserts that the Court correctly stated the "new construction

standard" in its opinion, but incorrectly labeled the "readily achievable standard" that applies to existing facilities that have not been altered (such as the Midfield and Vestavia locations) as the "alteration standard." (Plaintiff's Motion to Reconsider ¶ 2.) In Plaintiffs' Response and Opposition to Defendant's Motion to Reconsider, Plaintiffs assert that while the Defendant is correct that the new construction standard does not apply to the path of travel issue at the Eastwood location, the Defendant is incorrect in its assertion that Plaintiffs were required to propose a readily achievable method of providing such a path of travel. (Plaintiffs' Response and Opposition to Defendant's Motion to Reconsider ¶ 3.) Although Plaintiffs make contradictory assertions regarding the application of the new construction standard to the inaccessible route to the playground at the Eastwood store, it appears that Plaintiffs argue that the readily achievable standard was improperly applied to the inaccessible route to the playground at the Eastwood store. Instead, Plaintiffs assert the proper standard that this Court should have applied to the inaccessible path of travel between the playground and restaurant at the Eastwood property is the alterations standard.[6] The alterations standard

---

[6] The alteration standard the Plaintiffs assert is not the readily achievable standard that the Court named the alterations standard in its opinion. Rather, the alterations standard that the Plaintiffs are referring to is a standard that applies to paths of travel in an altered facility and is codified in 28 C.F.R §36.403.

provides that:

> An alteration that affects or could affect the usability of or
> access to an area of a facility that contains a primary function
> shall be made so as to ensure that, to the maximum extent
> feasible, the path of travel to the altered area and the restrooms,
> telephones, and drinking fountains serving the altered area, are
> readily accessible to and usable by individuals with disabilities,
> including individuals who use wheelchairs, unless the cost and
> scope of such alterations is disproportionate to the cost of the
> overall alteration.

28 CFR §36.403(a).

Although the Defendant concedes that the new construction standard does

not apply to the path of travel issue at the Eastwood store, the Defendant asserts

that the readily achievable standard is the proper standard to be applied to the path

of travel issue between the playground and restaurant at the Eastwood property.

It is undisputed that the Eastwood playground has not been altered since

January 26, 1992.  (Plaintiff's Motion to Reconsider, ¶ 5.)  Upon review of the

record, the Court finds that the alteration standard under 28 C.F.R. §36.403 is not

the proper standard to apply to the allegedly inaccessible route to the playground

at the Eastwood restaurant.  Since the Eastwood playground has not been altered,

28 CFR §36.403(a) does not require that the Defendant create an accessible path

of travel from the playground to the altered restaurant.  The regulation requires

alteration of the path of travel to and from an altered primary function area.

13

Primary function is defined as "a major activity for which the facility is intended.[7]

Section 36.403 provides that only the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area must be reasonably accessible.[8]  Plaintiffs have not provided sufficient evidence that the alteration to the interior of the Eastwood restaurant triggered the alteration standard under 28 CFR §36.403.

The Court finds that the correct standard to be applied to the ramp on the Eastwood store's playground is the readily achievable standard that applies to buildings existing before January 26, 1992 that have not been altered.  The Defendant provided evidence that the Eastwood store has not been structurally altered since January 26, 1992 until a recent alteration of the interior of the store began in September 2003.  (Wood Aff. ¶¶ 20 & 20(a)).  Therefore, alterations were made to the interior of the building only and did not affect the playground or exterior facilities.  Hence, the playground is governed by the readily achievable

---

[7] 28 C.F.R. §36.403(b) (listing the "dining area of a cafeteria" as a primary function area).

[8] 28 C.F.R. §36.403(a).  Prior to its motion for reconsideration, Plaintiffs failed to assert that the Eastwood playground was a primary function area to which an accessible path of travel was required.  As noted above in the standard of review, "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."  Rossi v. Troy State University, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).  Therefore, Plaintiffs' arguments that the playground is a primary function will not be considered.

14

standard which governs existing facilities/buildings that were constructed before January 26, 1992 and have not been subjected to any alterations.  The Defendant's motion for reconsideration as to the  standard applicable to the Eastwood store's route to the playground is due to be granted.

Although the Court incorrectly labeled the new construction standard as the standard to apply to the inaccessible route to the playground at the Eastwood store, the Court correctly analyzed the allegedly inaccessible route to the Eastwood playground under the "readily achievable standard."  Upon review of the record, the Court finds that it incorrectly determined that material questions of fact existed regarding the accessibility of the Eastwood playground and whether it is readily achievable.  Plaintiffs have failed to present sufficient evidence to demonstrate that creating an accessible route is readily achievable.  The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.  In determining whether an action is readily achievable, factors to be considered include–

(A) the nature and cost of the action needed under this chapter;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed as such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C)the overall financial resources of the covered entity; the overall size of

the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. §12181(9). Plaintiffs failed to provide a proposal that demonstrates that creating an accessible route from the Eastwood restaurant to the playground is easily accomplishable and able to be carried out without much difficulty or expense. For instance, Plaintiffs have failed to provide any evidence that their expert's recommendation for creating an accessible route would not require regrading some of the parking lot, disrupting the drive-thru lane, and rerouting stormwater drainage which would result in much difficulty or expense for the Defendant.

Accordingly, the Defendant's motion for reconsideration as to the standard applicable to the Eastwood store's route to the playground is granted. The Court further finds that its memorandum opinion is vacated and summary judgment is due to be granted in favor of the Defendant as to the inaccessible route from the Eastwood store to the playground.

### 4.    Standard Applicable to the Vestavia and Midfield Issues

The Defendant asserts that the Court incorrectly chose an alteration standard

16

to determine whether Plaintiffs established that their recommended changes to the Vestavia and Midfield stores' bathrooms are readily achievable. The Defendant asserts that the alteration standard was improperly applied because the Vestavia and Midfield stores have not been altered after January 26, 1992.

It is undisputed that the Midfield and Vestavia stores have not undergone any alterations. Although this Court incorrectly referred to the "readily achievable standard" as the "alteration standard, " the Court correctly applied the readily achievable standard which governs existing facilities/buildings that were constructed before January 26, 1992 and have not been subjected to any alterations. The Court found the existence of material questions of fact regarding whether the removal of the architectural barriers is readily achievable. As determined in the Court's opinion, both parties have presented through expert testimony disputed evidence of whether the removal of the architectural barriers is readily achievable. "'Readily achievable' is a fact-intensive inquiry that will infrequently be decided on summary judgment; however, the plaintiff cannot survive summary judgment without producing 'sufficient evidence to satisfy his burden that his suggested method of barrier removal is readily achievable.'" Access Now, Inc. v. South Florida Stadium Corp., et. al., 161 F.Supp.2d 1357 (S.D.Fla. 2001)(quoting Colorada Cross Disability Coalition v. Hermanson Family L.P., 264 F.3d 999 (10th

Cir. 2001)).  Plaintiffs have provided cost estimates and recommended specific construction plans to demonstrate that removal of the architectural barriers is readily achievable.  The Defendant has challenged Plaintiffs' expert findings. The Court found  that there is a question of fact as to whether removal of the architectural barriers is readily achievable.

Accordingly, the Defendant's motion for reconsideration as to the standard applicable to the Vestavia and Midfield stores is granted in part as to the Court's application of the alteration standard and denied in part as to the Court's application of the readily achievable standard for analyzing the removal of the architectural barriers.

### 5.    Access Now's Associational Standing

The Defendant asserts that the Court misapplied standing requirements in recognizing that Access Now has standing.  The Court found that Plaintiff Green lacked standing to bring claims related to the allegedly inaccessible outside eating area on the playground at the Vestavia store. Opinion p. 28-30.  However, the Court found that Access Now, Inc. had standing to bring such claims.  The Defendant asserts that the Court relied upon generally applicable organizational standing requirements in determining that Access Now has standing.  As a result, the Defendant asserts that the Court failed to recognize the holding of courts to

consider the issue in this Circuit that Title III actions are specifically unsuited for organizational standing due to the individualized inquiry required to dispose of each claim.

The Defendant relies upon Concerned Parents To Save Dreher Park Center v. City of West Palm Beach, 884 F.Supp. 487 (S.D. Fla. 1994).[9]  In Concerned Parents To Save Dreher Park Center, the court found that Concerned Parents could not establish associational or representational standing to sue on behalf of its members because it could not satisfy the third element of the three prong test.  The court found that any finding of an ADA violation requires proof as to each individual claimant.  The court further found that the relief afforded to each claimant would require an individualized assessment of what measures the City must take in order to comply with the ADA on a case-by-case basis.  Concerned Parents To Save Dreher Park Center, 884 F.Supp. at 488-89.  The court held that the City's motion to dismiss Concerned Parents and to strike Concerned Parents as a plaintiff was due to be granted because the Plaintiff could not shoehorn an unknown number of supposed, but unknown, victims into their cause of action by the mechanism of associational standing.  Concerned Parents To Save Dreher Park

---

[9] The cases relied on by the Defendant are persuasive authority but they are not binding on this Court.  This Court finds Sierra Club v. Tennessee Valley Authority, 430 F.3d 1337 (11th Cir. 2005) controlling on the issue of associational standing.

Center, 884 F.Supp. at 488-89.   The present action is distinguishable from

Concerned Parents To Save Dreher Park Center because the Plaintiffs have

disclosed the identities of three members who have endured alleged discrimination

resulting from the Defendant's ADA violations.   Although Plaintiff Green is the

only member who is a party to this action, Plaintiff Access Now, Inc. has satisfied

the three-prong test for associational standing.

An association "has standing to bring suit on behalf of its members when [1]

its members would otherwise have standing to sue in their own right, [2] the

interests at stake are germane to the organization's purpose, and [3] neither the

claim asserted nor the relief requested requires the participation of individual

members in the lawsuit."   Sierra Club v. Tennessee Valley Authority, 430 F.3d

1337 (11th Cir. 2005) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.

(TOC), Inc., 528 U.S. 167, 181, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000)).

Melissa Fendley, who is a member of Access Now, suffered alleged discrimination

at the Vestavia and Eastwood McDonald's restaurants.   Ms. Fendley satisfies the

requirements for individual standing.   She suffered an injury in fact because she

was subjected to discrimination due to inaccessible restrooms, the lack of exterior

accessible tables on the playground, inaccessible route between the Eastwood

restaurant and the playground located at the facility, and inaccessible van parking.

20

Ms. Fendley has alleged that the harm is real and immediate. She testified in an affidavit that she frequently takes her daughter to the Vestavia, Midfield, and Eastwood McDonald's restaurants and she plans to return to them. Ms. Fendley has demonstrated that the alleged direct injuries she suffered is a result of the existence of architectural barriers at the Defendant's restaurants that are violations of the ADA. The alleged injuries suffered by Ms. Fendley would be redressed by the injunctive relief Plaintiffs seek. Ms. Fendley meets the three requirements of individual standing. Therefore, Ms. Fendley has standing to sue in her own right.

The Court turns to the second and third requirements of associational standing: whether the interests at stake are germane to the Plaintiff organization's purposes and whether the claim or relief requested requires the participation of its individual members in the lawsuit. Access Now, Inc. is a nonprofit corporation dedicated to correcting violations of the Americans with Disabilities Act in both public accommodations and public facilities. The organization focuses on ensuring the accessibility and usability of public accommodations and facilities to individuals with disabilities. The interests at stake in this action are germane to the Plaintiffs' organization because the suit seeks to remove barriers to access of Access Now's membership to Defendant's premises and to bring those premises into compliance with the ADA.

21

The claim or relief requested by Access Now, Inc. does not require the participation of Ms. Fendley, or any other member in the organization. See Sierra Club v. Tennessee Valley Authority, 430 F.3d 1337 (11th Cir. 2005) (quoting Nat'l Parks Conservation Ass'n., 324 F.3d at 1244 (holding that the third prong of associational standing test was met where individual members did not need to be made parties to the suit "in order to advance the [association's Fifth Amendment] equal protection claim or to fashion the sort of prospective injunctive relief sought by appellants"). In Hunt, the Supreme Court reiterated its decision in Warth v. Seldin, 422 U.S. 490, 498-499, 95 S.Ct. 2197, 2204-2205, 45 L.Ed.2d 343 that:

> (W)hether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought.  If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured.  Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.

422 U.S., at 515, 95 S.Ct., at 2213.  The Court finds that Access Now, Inc.  has associational standing.  The Court finds that the Defendant's motion for reconsideration as to the standing of Plaintiff Access Now, Inc. is denied.

## IV.  Conclusion

For the reasons set forth above, the Defendant's motion for reconsideration

is denied in part and granted in part.  The Plaintiffs' motion for reconsideration is

denied.

      **Separate orders** will be entered.   **Done** this 25th day of May, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge